Dear Mr. Ricaud:
In Attorney General Opinions 91-135 and 88-165, this office reviewed the following language of R.S. 37:1204(A) which is also pertinent to your inquiry:
 ". . . the Louisiana State Board of Medical Examiners, the Louisiana State Board of Dentistry, and the State Board of Veterinary Medicine Examiners shall require practitioners to label medications and maintain prescription files concerning drugs, chemicals, or medications sold and/or dispensed by them with the exception of bona fide samples dispensed at no cost. Nothing herein shall authorize the Louisiana Board of Pharmacy to have access to the patient medical records maintained in the private office of a physician." (Emphasis added).
The regulatory boards for physicians, dentists and veterinarians are mandated by law to adopt regulations requiring those practitioners to label medications and maintain prescription files concerning drugs, chemicals or medications sold or dispensed by them. Interpreting R.S. 37:1204(A), this office has previously determined that only a practitioner may legally dispense[1] prescription drugs to a patient or client. See Attorney General Opinions 91-135 and 88-165. The phrase "with the exception of bona fide samples dispensed at no cost" carves out an exception for the practitioner only with respect to his obligation of file maintenance, in that he need not keep records where the drug dispensed is a bona fide sample dispensed to the patient without cost. The language of the exception is not to be construed as permitting a nurse to dispense a sample to a patient. See Attorney General Opinion 86-699.
Interpreting the language of the exception of R.S. 37:1204(A), this office stated the following in Opinion 91-135:
 That amendment [referencing R.S. 37:1204(A)] mandated the State Boards of Medicine, Dentistry and Veterinary Medicine to require that their practitioners perform the acts set out therein. The Act does not indicate to our office that the legislature intended to allow physicians to delegate these tasks to a nurse. If clarification or amplification of this act is desired it will have to come from the legislature by way of amendment, not our office. See Opinion 91-135. (Emphasis added).
Our research reflects there is in fact an effort to follow the advice of the author of Opinion 91-135 quoted above, as Senate Bill 364 of the current session proposes an amendment to R.S.37:1204 which will, in is current form, change the law to allow a physician's employees to dispense drugs and medicines at the direction of a physician. The Digest of the bill instructs us as to the change between present and proposed law:
 Present law provides that a registered practitioner of medicine (licensed physician), dentistry, or veterinary medicine may compound, dispense, administer, or supply his patients with necessary drugs and medicines for their use. Requires such practitioners to label medications and maintain prescription files concerning the drugs and medicines sold and/or dispensed by them with the exception of bona fide samples dispensed at no cost.
 Proposed law retains present law and provides that a licensed physician may designate or delegate to an employee the actual dispensing or supply of the drugs and medicines when the employee is dispensing or supplying the drugs and medicines at the direction of the physician.
We attach Senate Bill 364 of the 1999 Regular Legislative Session for your further review.
Concerning the definition of "sample" as used in R.S. 37:1204, we are guided by the following rules of statutory construction:
 1:3 Words and phrases; how construed
 Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
 The word "shall" is mandatory and the word "may" is permissive. (See R.S. 1:3).
 1:4 Unambiguous wording not to be disregarded
 When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit. (See R.S. 1:4).
 Art. 9. Clear and unambiguous law
 When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. (See C.C. Art. 9).
 Art. 11. Meaning of words
 The words of a law must be given their generally prevailing meaning. Words of art and technical terms must be given their technical meaning when the law involves a technical matter. (See C.C. Art. 11).
Since the word "sample" is given no technical definition within R.S. 37:1204, according to the foregoing rules of statutory construction we are instructed to utilize "sample" in its everyday and ordinary usage, as defined in the dictionary:
 sam'ple n. [ME-Ofr. essample.-see EXAMPLE] 1.a. A part representative of a whole. b. An entity representative of a class: SPECIMEN. 2. Statistics. A set of elements drawn from and analyzed to estimate the characteristics of a population. -vt. -pled, -pling.
See Websters II New Riverside University Dictionary, the Riverside Publishing Company, 1988.
The word "sample" as used in R.S. 37:1204(A) is an adjective modifying the word "drug" which, unlike the word "sample", is statutorily defined in R.S. 37:1171 as follows:
 (3) "Drug" means articles recognized in the official United States Pharmacopoeia, the official Homopathic Pharmacopeia of the United States, or the official national Formulary, or any supplement to any of them, intended for use in the diagnosis, cure, mitigation, treatment or prevention of disease in man or animals; it includes, all other articles intended for use in the diagnosis, cure, mitigation, treatment or prevention of diseases in man or animals, and articles, other than food, intended to affect the structure or any function of the body of man or animals; the term also includes articles intended for use as a component of any drug as herein otherwise defined, but does not include devices or their components, parts, or accessories.
Nothing in the rules of statutory construction nor in the definitional section of the statutes under consideration suggest to us that a "sample drug" must necessarily be pre-packaged. Further, the matter of what constitutes an "investigational drug" may in many instances be outside the purview of R.S. 37:1171, etseq., i.e., an "investigational drug" may or may not be a "drug" for purposes of R.S. 37:1204. We need not make this determination in order to provide a remedy to your concerns with respect to how the word "sample" should be interpreted: since the matter is before the legislature, it is advisable that you contact those individuals sponsoring the new legislation so that you may discuss with them the impact of leaving the word "sample" statutorily undefined.
With respect to existing (and as yet unamended) law, we again conclude that existing law allows only a practitioner to dispense medicine to a patient; a nurse may not legally dispense medication whether or not those drugs are considered "samples"; and finally, the exception of R.S. 37:1204(A) is pertinent only to a discussion concerning the physician's responsibility of file maintenance.
We hope the foregoing is helpful to you. Should you have further inquiries in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received:
Date Released: April 22, 1999
Kerry Kilpatrick Assistant Attorney General
[1] Prescription dispensing is the issuance of one or more doses of medications for subsequent administration. See Opinion 88-165.